UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| C.M., individually and as parent to D.M., et al., | Case No. 2:20-1562-JCM-DJA |
| Plaintiffs, | ORDER |
| v. | |
| JESUS JARA, et al., | |
| Defendants. | |

Presently before the court is plaintiffs C.M., individually and as parent to D.M., et al.'s emergency ex parte motion for temporary restraining order. (ECF No. 6).

**I.   Background**

This matter arises from changes made by the Clark County School District ("CCSD") in light of the COVID-19 pandemic. (ECF No. 2). After several board meetings and hearings, CCSD opted to reopen public schools only "in a digital format." (*Id.*). As of August 24, 2020, students and teachers have not been allowed to return to school for in-person learning.

Plaintiffs filed their instant suit on August 21, 2020. (ECF No. 1). Their amended class action complaint brings fourteen causes of action—including for violations of Section 504 of the Rehabilitation Act, 29 U.S.C. § 701, Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400, 1414, and Nevada Open Meeting Laws, N.R.S. 241—against defendants CCSD superintendent Jesus Jara, CCSD region superintendent Dustin Mancl, CCSD, and an assortment of fictitious individuals and entities. (ECF No. 2). Specifically, plaintiffs allege that CCSD has failed to accommodate students with disabilities as required by federal law and that CCSD has

made its decisions without appropriate public comments and procedures as required by state law. (*Id.*). Plaintiffs in this action are "the parents and guardians of special needs and general education students." (ECF No. 6).

Plaintiffs now move for a temporary restraining order that broadly 1) "enjoin[s] Clark County School District's ongoing violation of the IDEA Act and Section 504 of the Rehabilitation Act of 1973, namely, the 'stay-put' provision of the IDEA Act, with a preliminary injunction unwinding all modifications to special need student's individualized education plans"; 2) "unwind[s] and enjoin[s] compliance or enforcement of any and all policies, procedures, or rules, regulations, or any requirement issued, enacted, implemented or adopted by CCSD in the series of unlawful meetings held by CCSD since April 1, 2020"; 3) "requir[es] Defendants to return CCSD to the state of affairs predating the Pandemic and unlawful meetings"; and 4) "requir[es] CCSD to preserve all personal and public communications including text messages, instant messages, emails, and any other communications on public and personal cell phones, computers, networks and digital platforms, including but not limited to accounting and budgetary data, reasonably related to this matter, to ensure no evidence is spoiled, destroyed or altered in this matter." (ECF No. 6).

**II.     Legal Standard**

Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order ("TRO") when the movant alleges "specific facts in an affidavit" that immediate and irreparable harm will occur before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A). TROs and preliminary injunctions are extraordinary remedies meant to "preserve the status quo" and "prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, No. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012); *see also Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). The standard for granting a TRO is "substantially identical" to the standard for granting a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

The court considers the following elements in determining whether to grant preliminary injunctive relief: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury if

preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008); *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1319 (9th Cir. 1994).

The movant must satisfy all four elements; however, "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). This "sliding scale" approach dictates that when the balance of hardships weighs heavily in the movant's favor, he needs only to demonstrate "serious questions going to the merits." *Id.* at 1135.

**III.   Discussion**

This court denies plaintiffs' request for a temporary restraining order, (ECF No. 6), but sets a briefing schedule and hearing for plaintiffs' request for preliminary injunction, (ECF No. 8).

At this juncture, plaintiffs' ex parte briefing on irreparable harm and a balance of hardships fails to persuade this court that a TRO is appropriate. (ECF No. 6). Any prospective decisions made by CCSD on this matter can be unwound and enjoined as appropriate after this issue is fully briefed. Furthermore, any injuries to the development of plaintiff students with disabilities has been ongoing since the beginning of this semester. This court does not find that an immediate injunction is appropriate without further briefing. This is particularly the case where plaintiffs' requests would place an immense hardship on defendants—especially their request for the total unwinding of "all policies, procedures, or rules, regulations, or any requirement issued, enacted, implemented or adopted by CCSD in the series of unlawful meetings held by CCSD since April 1, 2020." (*Id.*). Finally, this court denies plaintiffs' request to order defendants to not destroy documents. (*Id.*). This amounts to an order to "follow the law," where defendants are already obligated to preserve information and documents pertinent to this litigation.

Thus, plaintiffs' motion for TRO is denied. However, recognizing the potential merit of plaintiffs' position, this court sets a briefing schedule and hearing on plaintiffs' motion for preliminary injunction. (ECF No. 8).

A preliminary injunction hearing is hereby set for November 20, 2020 at 11:30 am. Defendants may respond to plaintiff's request for preliminary injunction by November 16, 2020, and plaintiffs may thereafter reply by November 19, 2020.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the plaintiffs' motion for temporary restraining order (ECF No. 6) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the parties shall appear in-person for a preliminary injunction hearing (ECF No. 8) on November 20, 2020, at 11:30am, in courtroom 6A.

IT IS FURTHER ORDERED that defendants shall file any response to plaintiffs' request for preliminary injunction (ECF No. 8) on or before November 16, 2020, at 5:00 pm.  Any reply shall be filed on or before November 18, 2020, at 5:00 pm.

DATED THIS 10th day of November 2020.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE