**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| C. M., individually and as parent to D.M., et al., | Case No. 2:20-cv-01562-JCM-BNW |
| Plaintiffs, | **Report and Recommendation and Order** |
| v. | |
| Jesus Jara, et al., | |
| Defendants. | |

**I.     Background**

Plaintiffs filed their complaint on August 21, 2020, alleging Clark County School District and others violated several laws regarding children with special needs since the on-set of COVID-19. ECF No.1. Plaintiffs filed a First Amended Complaint (FAC) on October 30, 2020. ECF No. 2.

On December 10, 2020, Defendants moved to dismiss and strike the FAC. ECF Nos. 22, 23. Plaintiffs opposed both requests (ECF No. 32) and filed a counter-motion seeking leave to amend the complaint (ECF No. 33),[1] to enlarge the time for service (ECF No. 34), and to stay the Court's ruling on Defendants' motion to dismiss (ECF No. 35). Defendants' reply in support of their motions to dismiss and motion to strike is at ECF No. 36. The response to the countermotions are at ECFs No. 37, 38 and 42. The reply in support of all the counter-motions is at ECF No. 41.

**II.    Motion to Amend**

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading

---

[1] The proposed Second Amended Complaint (SAC) is filed at ECF No. 33-3.

only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*.

"The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). "The standard for granting leave to amend is generous." *Id.* And, critically, "the nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice."); *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 219CV1602JCMEJY, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility."); *Akinola v. Severns*, No. 3:14-CV-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) ("The party opposing the amendment carries the burden of showing why leave to amend should not be granted.").

Before delving into the substance of the motion to amend, the Court makes a few observations. First, the Court notes that Defendants only argue that amendment should not be granted due to the futility of the counts alleged in the SAC.[2] Next, the Court notes that Plaintiffs have now twice chosen not to provide responding arguments as to the viability of their claims. Plaintiffs' "reply" in support of their motion to amend is a mere one-liner, arguing that the rules underlying amendment are broad enough for the Court to find in their favor. ECF No. 41 at 7. In addition, Plaintiffs chose not to respond to the Defendants' motion to stay discovery, which could have provided some much-needed guidance to this Court regarding Plaintiffs' position as to the viability of their claims.

---

[2] The Court also considered the arguments made by Defendants in their motion to dismiss (ECF No. 22), given their attempt to incorporate those arguments by reference in their opposition to the motion to amend.

**A.     Count I (Violation of § 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794 et seq.)) and Count II (Violation of the American with Disabilities Act (42 U.S.C. § 12131 et seq.))**

**i.     Failure to exhaust administrative remedies**

Count I in the SAC alleges a violation of § 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794 et seq.). Count II alleges a violation of the American with Disabilities Act (42 U.S.C. § 12131 et seq.) Defendants allege these two claims are subject to mandatory exhaustion. Specifically, they argue that given the SAC is based on relief available under the IDEA, Plaintiffs cannot escape the need to exhaust administrative remedies. Plaintiffs do not address this argument. However, as discussed below, Plaintiffs' SAC appears to plead an exception to the exhaustion requirement.

The IDEA's exhaustion provision applies in cases where the relief sought is available under the IDEA. *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863 (9th Cir. 2011), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). Judge Mahan has previously ruled that if claims brought under § 504 or the ADA can be advanced pursuant to the IDEA, then exhaustion of administrative remedies is required. *See Soto v. Clark City Sch. Dist.*, No. 216CV2063JCMNJK, 2017 WL 3174916 (D. Nev. July 26, 2017), *aff'd*, 744 F. App'x 529 (9th Cir. 2018).

To determine whether a claim seeks relief that is also available under the IDEA, courts focus on whether the lawsuit seeks relief for the denial of a free appropriate public education (FAPE). *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743 (2017). Here, Counts I and II are premised on FAPE violations. *See generally* FAC at 9-10. As such, these two counts are subject to exhaustion requirements.

But the exhaustion requirement is not absolute. Parties need not exhaust administrative procedures where to do so would be either futile or inadequate. *Honig v. Doe*, 484 U.S. 305, 327 (1988); *Student A by & through Parent A v. San Francisco Unified Sch. Dist.*, No. 20-15386, 2021 WL 3642151 (9th Cir. 2021) (holding it would not be appropriate to require exhaustion when the "use of the administrative process would be futile."). This is precisely what Plaintiffs allege in their SAC.

As previously noted, it is Defendants' burden to show that amendment would be futile. Defendants have not addressed Plaintiffs' assertion that exhausting administrative remedies "has been actively blocked and prevented by the DOE and CCSD," and that exhaustion is impossible. SAC at ¶¶ 29, 40. As a result, the failure to exhaust administrative remedies with regards to Counts I and II would not render these amendments futile. Nevertheless, as explained below, Count I as currently plead is futile, as it does not specify which § 504 regulation was violated.

### ii. Failure to identify which § 504 regulation was violated

Defendants argue Plaintiffs have not sufficiently pled specifically which § 504 regulation was violated, which is necessary to determine whether Plaintiffs can maintain a private right of action. As such, Defendants argue the claim fails. Plaintiffs do not address this issue.

Not every violation of a regulation promulgated pursuant to § 504 supports a privately enforceable cause of action. *Mark H. v. Lemahieu*, 513 F.3d 922, 935 (9th Cir. 2008). "To support such a cause of action, the regulation must be an 'implementing regulation' within the meaning *of Alexander v. Sandoval*, 532 U.S. 275 (2001). *Id*. "According to *Sandoval*, regulations can only be enforced through the private right of action contained in a statute when they 'authoritatively construe' the statute; regulations that go beyond a construction of the statute's prohibitions do not fall within the implied private right of action, even if valid." *Id*. Whether regulations issued pursuant to § 504 are cognizable in a private action for damages thus "will turn on whether their requirements fall within the scope of the prohibition contained in § 504 itself." *Id*.

Plaintiffs' SAC does not specify which § 504 regulations were violated. Because neither Defendants nor the Court can evaluate whether Plaintiffs can maintain a private right of action for violation of § 504 regulations without knowing precisely which regulations are at issue, Count I, as pled, is futile.

### B. Count III: Violation of Nevada Open Meeting Laws (N.R.S. § 241)

Defendants argue that Count III has not been sufficiently pled, as it does not specify the dates on which the statue was allegedly violated. In addition, they explain that the statute allows for restrictions, such that the alleged actions did not violate the statute. Plaintiffs did not address this argument.

First, the Court finds that the allegation is sufficiently pled. The SAC alleges a "consistent" violation of this statute from August 2020 onwards. This is sufficient to put Defendants on notice of the asserted claim. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them.").

As to the second argument, Defendants' argument constitutes a defense to the claim—but it does not make the claim futile. While, as Defendants argue, N.R.S. § 241.020(3)(d)(7) allows for reasonable restrictions as to "the time, place and manner of the comments," Plaintiffs argument is that the restrictions were not reasonable. *See* SAC ¶ 105. The same applies to Defendants' argument that Governor Sisolak's suspended the in-person requirements under N.R.S. § 241. Thus, the allegation is not futile.

### C. Count IV: Violation of Administrative Procedure Act and Abuse of Due Process (5 U.S.C. § 706, N.R.S. § 233B, 42 U.S.C. § 1983)

Defendants argue that this claim is an attempt to avoid the exhaustion requirements under IDEA. Plaintiffs do not address this argument.

Under the Administrative Procedure Act (APA), a court must "hold unlawful and set aside agency action . . . found to be—arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or "without observance of procedure required by law." 5 U.S.C. § 706(2). "An agency must 'examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made.'" *Gill v. U.S. Dep't of Justice*, 913 F.3d 1179, 1187 (9th Cir. 2019) (*quoting Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). Agency action is "arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs.*, 463 U.S. at 43; *see also Gill*, 913 F.3d at 1187.

First, as explained above, the requirement for exhaustion is not absolute. In addition, it appears the core of Plaintiffs' allegation is precisely that they were unable to properly participate in any regulatory or deliberative process. Thus, despite Defendants' argument to the contrary, this claim would not necessarily be barred in a § 1983 action, as the claim is not itself premised on a violation of the IDEA. Rather, the violation is premised on Plaintiffs' inability to properly participate in any regulatory or deliberative process. Defendants have not provided any other arguments as to why this claim is futile. Thus, Defendants have not met their burden to show that amendment should be denied.

### D. Count V: Conspiracy

Defendants argue Plaintiffs have not properly pled this count and that, in any event, they lack standing. Plaintiffs do not address this argument.

"Actionable civil conspiracy arises where two or more persons undertake some concerted action with the intent 'to accomplish an unlawful objective for the purpose of harming another,' and damage results." *Guilfoyle v. Olde Monmouth Stock Transfer Co.*, 130 Nev. 801 (2014). A conspiracy action must be based on the agreement to commit a viable tort. *Philip v. BAC Home Loans Servicing, LP*, 644 F. App'x 710, 711 (9th Cir. 2016) (unpublished) (*citing Eikelberger v. Tolotti*, 96 Nev. 525, 611 P.2d 1086, 1088 (1980)).

First, it is not clear to the Court which torts the SAC seemingly relies on. Likewise, it is not clear that the SAC alleges how the conduct at hand was intended to harm another. Based on this, Count V, as pled, is futile.

### E. Count VI: Unjust Enrichment

Defendants argue that Plaintiffs have not properly pled this count and that, in any event, they lack standing. Plaintiffs do not address this argument.

In Nevada, "[u]njust enrichment is the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Topaz Mut. Co., Inc. v. Marsh*, 839 P.2d 606, 613 (1992). The essential elements of a claim for unjust enrichment are: (1) "a benefit conferred on the defendant by the plaintiff"; (2) "appreciation by the defendant of such a benefit"; and (3) "acceptance and

retention by the defendant of such a benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Unionamerica Mortg. & Equity Trust. v. McDonald*, 626 P.2d 1272, 1273 (1982).

The thrust of this claim seems to be that there is unaccounted money for fiscal year 2019 and that Defendants have been unjustly enriched by collecting of this money without performing their job responsibilities. Yet, the funding received derives from tax revenue. As a result, Defendants are correct that Plaintiffs lack standing. *Arakaki v. Lingle*, 477 F.3d 1048, 1064 (9th Cir. 2007) (holding state taxpayers have no standing under Article III to challenge state tax or spending decisions by virtue of their status as taxpayers.)

### F. Count VII: 42 U.S.C. § 1983 "Class of One" Claim

Defendants argue this claim (1) cannot proceed under a §1983 action as it is premised on violations of the IDEA, (2) that the SAC fails to allege that any one student was treated differently than their similarly situated students (as required in these cases), and (3) that the state action complained of falls under a discretionary decision-making function, which does not violate the Equal Protection Clause. Plaintiffs do not address these arguments.

The Court agrees with the first argument advanced by Defendants. First, the Court notes that this allegation is a summarized version of the allegation in Counts I and II. As such, this allegation is premised on the violation of IDEA and cannot proceed under a § 1983 theory. *See Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007) ("the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA."). Given this determination, the Court need not reach Defendants' remaining arguments as to this count.

### G. Count VIII: Negligence

Defendants argue (1) they are immune from liability and (2) that the SAC fails to set forth a *prima facie* claim. Plaintiffs do not address this argument.

Under N.R.S. § 41.032 a party cannot bring a claim against CCSD

> [b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the [s]tate or any of its agencies or

>political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused.

N.R.S. § 41.032.

As this statute reflects the Federal Tort Claims Act ("FTCA"), Nevada has adopted the federal *Berkovitz–Gaubert* test to analyze if a given party is eligible for immunity, requiring that the alleged negligent act "must (1) involve an element of individual judgment or choice and (2) be based on considerations of social, economic, or political policy." *See Rosenstein v. Clark Cty. Sch. Dist.*, No. 2:13-CV-1443 JCM VCF, 2014 WL 3002075 (D. Nev. July 2, 2014) (citing *Martinez v. Maruszczak*, 168 P.3d 720, 722, 729 (Nev.2007)). Defendants provide no argument demonstrating that they meet the *Berkovitz–Gaubert* test. Again, Defendants bear the burden to show why amendment would be futile, and they failed to carry this burden regarding immunity.

Turning to the *prima facie* claim argument, the Court disagrees that Plaintiffs have not properly pled duty and breach. *See* SAC ¶¶ 179, 151, and 154. Thus, this count, as plea, is not futile.

### H.     Count IX: 42 U.S.C. § 1983 Professional Negligence

Defendants argue that this claim cannot proceed as a § 1983 claim, as the allegation does not allege a deprivation of a federal right. Plaintiffs do not address this argument.

To state a claim under § 1983, a plaintiff must allege that he was deprived of a federal right by a person acting under color of state law. *Doley v. Reiss*, 736 F.2d 1392, 1394 (9th Cir. 1984).

The Court agrees with Defendants. It is not clear from the SAC which federal right is alleged to be violated. To the extent that Plaintiffs are asserting a violation of the IDEA, the allegation cannot proceed under § 1983. *See Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007) ("the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA.").

### I.     Count X: 42 U.S.C. § 1983 Unjust Enrichment

Defendants argue that this claim cannot proceed under § 1983, as the allegation does not allege a deprivation of a federal right. Plaintiffs do not address this argument.

The Court agrees with Defendants and relies on the same rationale employed as to Count IX.

### J. Count XI: 42 USC § 1983 Supervisory Liability and Failure to Train and Supervise

Defendants do not advance any argument as to the futility of this count. As a result, Defendants' have not met their burden to show why amendment should be denied.

### K. Count XII: Declaratory Relief

Defendants argue that the declaratory relief claims are not actionable. Plaintiffs do not address this argument.

The Court agrees with the more general proposition stated by Defendants without need to delve into their rationale. That is, Count XII as pled is not actionable as a cause of action as it is a prayer for relief. "[A] 'claim' for declaratory relief is not a substantive cause of action at all; it is merely a prayer for a remedy." *Bank of New York Mellon v. Las Vegas Dev. Grp. LLC*, No. 216CV478JCMGWF, 2018 WL 7501300 (D. Nev. July 19, 2018).

### L. Adding the Department of Education (DOE) as a Party

Defendants argue that since none of the claims are viable, it would be futile to add the DOE. Plaintiffs do not address this argument.

Based on the analysis above, Defendants have not met their burden to show that each one of the allegations would be futile. Given that no other argument is presented regarding the addition of the DOE as a party, Defendants fail to carry their burden to show that the DOE should not be added.

### M. Ascertainable Class

Defendants argue that paragraph seven of the SAC fails to identify an ascertainable class in that it does not meet the specificity requirement needed for this type of claim. Specifically, they argue that any child within CCSD with *any* IEP or *any* potential claim under the IDEA or Section 504 of the ADA could be considered a class plaintiff. Plaintiffs do not address this argument.

It is premature for the court to make this determination at this juncture. This issue is better resolved at the time that court has to rule on the issue of class certification.

### N.  Superintendent Jara and Mancl

Defendants argue that Plaintiffs do not plead facts supporting the conclusion that Jara and Mancl had any involvement with the alleged violations of § 1983.[3] Plaintiffs do not respond to this argument.

"[T]o establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Absent an official's participation or direction in the violation of a plaintiff's constitutional rights, he cannot be held personally liable in an individual-capacity suit under § 1983. *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir.1984). Thus, to state a claim, a plaintiff must allege facts, not conclusions, showing the personal involvement of a defendant.

The Court will only address the counts it found to be not futile.

First, Counts II (ADA), III (Open Meeting Laws), and VIII (Negligence) are not premised on §1983 liability. As a result, the Defendants have not met their burden to show it would be futile to name Jara and Mancl as Defendants in these counts.

As to Count IV, the Court agrees with Defendants that the facts, as pled, are too conclusory and do not support personal involvement. *See* SAC at 16-18.

As to Count XI, while there seems to be problems with the claim as pled (not addressed by Defendants), the allegations sufficiently connect the personal actions of Jara and Mancl to the facts pled. *See* SAC at 25-26.

## II.  Motion to Extend Time

Plaintiffs seek an extension of 30-days to serve the amended complaint. ECF No. 34. Defendants' position is that all claims in the SAC are futile. Thus, the Court interprets Defendants' position as one opposing the extension of time to serve.

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff-- must dismiss the action without prejudice against that defendant or order that service be made

---

[3] The Court already addressed the issue of immunity under N.R.S. § 41. 032. As a result, it will not address it again.

within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "The 90-day time limit imposed by Rule 4(m) expires 90 days after the first complaint in which the defendant is named . . ." is filed. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006). The 90–day time limit for service does not restart each time a plaintiff files a new amended complaint. *DLJ Mortg. Cap., Inc. v. Old Republic Title Ins. Grp., Inc*., No. 220CV01662KJDVCF, 2021 WL 246107 (D. Nev. Jan. 25, 2021). The district court may extend time for service of process retroactively after the 90-day service period has expired. *See Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).

Plaintiffs previously served all Defendants appearing in the FAC (Jara, Mancl, and CCSD). The need to extend the deadline as to these existing defendants arose as a result of the request to amend the FAC. The SAC does not change the substance of the claims and adds defendant DOE, which Plaintiffs explain was inadvertently left out of the SAC. The Court finds good cause to extend the deadline for service and will order Plaintiffs to serve the SAC by October 16, 2021 on pre-existing defendants.

It appears Plaintiffs' request applies to defendant DOE as well. Ordinarily, Plaintiffs would have additional time to serve this new defendant. *See Bolden v. City of Topeka, Kan*., 441 F.3d 1129, 1148 (10th Cir. 2006) (stating Rule 4(m)'s time limit "is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint."). Thus, while it would be expeditious for Plaintiffs to serve defendant DOE within 30 days, they are not required to do so.

### III. Other Recommendations

Given the above, the Court will also recommend that Defendants' Motion to Dismiss (ECF No. 22), Defendants' Motion to Strike the Amended Complaint (ECF No. 23), and Plaintiffs' Motion to Stay the Court's Rulings on the Motion to Dismiss and Motion to Strike (ECF No. 35) be denied as moot.

### IV. Conclusion

**IT IS HEREBY RECOMMENDED** that the Motion to Amend be **DENIED** as to Counts I, V, VI, VII, IX, X, and XII.

**IT IS FURTHER RECOMMENDED** that Count IV not proceed against Defendants Jara and Mancl.

**IT IS FURTHER RECOMMENDED** that the Defendants' Motion to Dismiss (ECF No. 22), Defendants' Motion to Strike the Amended Complaint (ECF No. 23), and Plaintiffs' Motion to Stay the Court's Rulings on the Motion to Dismiss and Motion to Strike (ECF No. 35) be **DENIED** as moot.

**IT IS HEREBY ORDERED** that the Motion to Amend be **GRANTED** as to Counts II, III, IV, VIII, Count XI.

**IT IS FURTHER ORDERED** that Counts II, III, VIII, and XI proceed against Defendants Jara and Mancl.

**IT IS FURTHER ORDERED** that the Motion to Amend be **GRANTED** regarding the addition of the DOE as a party.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file the Second Amended Complaint (ECF No. 33-3).

**IT IS FURTHER ORDERED** that Plaintiffs will have until October 16, 2021 to effect service on pre-existing Defendants and at least another 30 days to effect service on the DOE.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 16, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE