UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| C.M., individually and as parent to D.M., et al., | Case No. 2:20-CV-1562 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| JESUS JARA, et al., | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Brenda Weksler's report and recommendation ("R&R"). (ECF No. 44). Defendants Clark County School District ("CCSD"), Jesus Jara, and Dustin Mancl (collectively "defendants") filed objections to the R&R. (ECF No. 49). Plaintiffs C.M., B.C., L.C., D.C., C.S., and L.K., on behalf of themselves and all others similarly situated (collectively "plaintiffs"), did not respond and the time to do so has passed.[1]

I.   **Background**

For this R&R, Judge Weksler screened defendants' motion to dismiss (ECF No. 22), defendants' motion to strike plaintiffs' amended complaint (ECF No. 23), plaintiffs' motion to amend their amended complaint (ECF No. 33), and plaintiffs' motion to stay the court's ruling on defendants' motions until it rules on plaintiffs' motion to amend (ECF No. 35).

Judge Weksler recommends that plaintiffs' motion to amend (ECF No. 33) be DENIED as to counts I, V, VI, VII, IX, X, and XII, DENIED as to count IV against defendants Jara and

---

[1] Two weeks after defendants filed their objection, the parties stipulated to stay this matter so they could negotiate settlement. (ECF Nos. 52, 55). The parties were ordered to file a joint memorandum of status with the court on or before April 10, 2022, but have not yet provided any update. (*See* ECF Nos. 57, 61). Accordingly, the court lifted the stay and renewed plaintiffs' deadline to respond to defendants' objections. (ECF No. 62). That renewed deadline has now passed. (*See id.*).

**James C. Mahan**
**U.S. District Judge**

Mancl, and GRANTED as to counts II, III, IV, VIII, and XI. She further recommends the defendants' motion to dismiss (ECF No. 22), defendants' motion to strike the amended complaint (ECF No. 23), and plaintiffs' motion to stay the court's rulings on the motion to dismiss and motion to strike (ECF No. 35) be DENIED as moot.

Defendants object to Judge Weksler's recommendations that counts II, III, IV, VIII, and XI should remain against them and that defendants' motion to strike and motion to dismiss should be denied as moot. (ECF No. 49).

**II.    Legal Standard**

A. Report and Recommendation

This district's magistrate judges are authorized to resolve pretrial matters subject to the assigned district judge's review. 28 U.S.C. § 636(b)(1)(A); *see also* LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3 . . . ."). The reviewing district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); *see also* LR IB 3-2(b). A party may file specific written objections to the report and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. When a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Under Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file its opposition to the objections within fourteen (14) days after being served.

B. Leave to Amend

Although "[t]he court should freely give leave when justice so requires," the court is not obligated to do so. FED. R. CIV. P. 15(a)(2). In particular, the court need not give leave to amend where "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58

1  F.3d 494, 497 (9th Cir. 1995)).  Thus, "leave to amend may be denied if it appears to be futile or
2  legally insufficient."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citing
3  *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986)).

**III.  Discussion**

While plaintiffs' proposed second amended complaint ("SAC") includes twelve separate counts, only five are presently at issue—counts II, III, IV, VIII, and XI.  Count II alleges that defendants violated the Americans with Disabilities Act ("ADA") by unlawfully discriminating against students with disabilities.  (ECF No. 43 at 15–16).  Count III asserts that defendants excluded plaintiffs from attending multiple public meetings, a violation of Nevada open meeting laws.  (ECF No. 43 at 16–17).  Count IV alleges that defendants violated Section 706 of the Administrative Procedure Act ("APA"), Chapter 233B of the Nevada Revised Statutes, *and* 42 U.S.C. § 1983 by impeding plaintiffs' access to the regulatory and deliberative process.  (ECF No. 43 at 17–19).  Count VIII alleges that defendants acted negligently.  (ECF No. 43 at 22–23).  Finally, count XI alleges that defendants Jara and Mancl are subject to supervisory liability for failure to train and supervise, pursuant to 42 U.S.C. § 1983.  (ECF No. 43 at 26–27).

> A.  <u>Leave to amend is granted for count II because defendants have not met their burden to show the futility of plaintiffs' proposed amendments.</u>

Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  The ADA defines "public entity" as "any department, agency, special purpose district, or other instrumentality of a State . . . or local government."  42 U.S.C. § 12131.

"The [Individuals with Disabilities Education Act ("IDEA")] is a comprehensive educational scheme that confers on students with disabilities a substantive right to [free appropriate public education ("FAPE")]."  *Kutasi v. Las Virgenes Unified Sch. Dist.*, 494 F.3d 1162, 1166 (9th Cir. 2007) (citations omitted).  Under the IDEA, "each local educational agency, [s]tate educational agency, or other [s]tate agency," must have in effect an individualized educational program ("IEP") for each student with a disability in the agency's jurisdiction.  20 U.S.C. § 1414(d)(2)(A).  The child's IEP—which is developed with parental consent, 20 U.S.C.

James C. Mahan
U.S. District Judge

- 3 -

§ 1414(d)(3)(A)(ii)—is designed to ensure the child's access to FAPE. *Kutasi*, 494 F.3d at 1166 (citing *Winkelman v. Parma City Sch. Dist.*, 127 S. Ct. 1994, 2000 (2007)).

Therefore, in any claim where a denial of FAPE access is at issue, the IDEA provides an avenue for relief. *See Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 754 (2017). But in all cases where remedy is sought for a denial of FAPE, the party seeking relief must first satisfy the IDEA's requirement to exhaust administrative remedies. *See id*; 20 U.S.C. § 1415(l). This requirement extends to claims brought under the ADA. *See id.*; *Soto v. Clark City Sch. Dist.*, No. 2:16-CV-2063-JCM-NJK, 2017 WL 3174916 at *3 (D. Nev. July 26, 2017). Thus, if a plaintiff advances a claim concerning the denial of FAPE access, that plaintiff must comply with the IDEA's exhaustion provision even if relief is sought under the ADA.

But when pursuit of administrative remedies would prove to be futile, parties are excused from the IDEA's exhaustion provision. *Student A by & through Parent A v. San Francisco Unified Sch. Dist.*, No. 20-15286, 2021 WL 3642151, at **3 (9th Cir. Aug. 18, 2021). However, despite establishing this exception, *Student A* also recognized the "importance of giving the state department of education an opportunity to investigate and correct local district failures in the first instance." *Id.* at **4. Moreover, the court in *Student A* aimed to safeguard against parties "circumvent[ing] [the IDEA's] scheme." Thus, exceptions to the IDEA's exhaustion provision exist only in "limited situations." *Id.* at **3.

Here, plaintiffs' second claim directly concerns defendants' alleged denial of FAPE access to students with disabilities. (ECF Nos. 2 at 1–12; 43 at 15–16). Therefore, even though plaintiffs' SAC alleges a violation of the ADA, plaintiffs were still subject to the IDEA's exhaustion provision. *See Fry*, 137 S. Ct. at 754; *Soto*, 2017 WL 3174916 at *3.

But plaintiffs failed to exhaust the pertinent administrative remedies prior to filing the instant action. (ECF Nos. 44 at 3; 49 at 9). Defendants therefore argue that the court should reject Judge Weksler's grant of leave to amend because plaintiffs' proposed amendments do not excuse their statutory disobedience. (ECF No. 49 at 5–10). Thus, the issue before the court is whether plaintiffs were required to satisfy the IDEA's exhaustion provision prior to filing the instant action.

**James C. Mahan**
**U.S. District Judge**

- 4 -

While plaintiffs failed to exhaust their administrative remedies, plaintiffs allege in their SAC that further pursuit of the IDEA's administrative remedies would have been futile, as their attempts were "actively blocked and prevented by the DOE and CCSD." (ECF No. 43 at 7). Moreover, the SAC avers that defendants "simply refused to respond to requests or petitions for relief;" that defendants "refused to allow parents or students to participate in any regulatory or deliberative process;" that "numerous school district employees" described due process hearings as a "waste of time;" and that district representatives informed parents that there was "no mechanism to seek redress for in-person education" due to the COVID-19 pandemic. (ECF No. 49 at 9–10).

Despite *Student A*'s high bar for establishing exceptions to the IDEA's exhaustion provision, it appears that plaintiffs sufficiently demonstrated the futility of pursuing an administrative remedy. *See* 2021 WL 3642151 at **3–4. In light of the factual allegations included in plaintiffs' SAC, the court finds that plaintiffs were not intending to "circumvent [the IDEA's] scheme," but rather that they felt excluded from the scheme altogether. *Cf. id.* at **4. Thus, plaintiffs have successfully demonstrated that pursuit of the IDEA's administrative remedies would be futile and are therefore excused from the exhaustion provision. *Id.* at **3.

Accordingly, the court adopts Judge Weksler's recommendation to grant plaintiffs leave to amend count II.

B. Leave to amend is denied for count III because plaintiffs did not obey the statutory scheme's prescribed avenue for relief.

Plaintiffs' SAC broadly alleges a violation of Chapter 241 of the Nevada Revised Statutes ("NRS 241"). (ECF No. 43 at 16–17). Plaintiffs aver that defendants "consistently denied public access to [their] various deliberative . . . meetings." (ECF No. 43 at 16).

When alleging a violation of any provision included in NRS 241, a plaintiff may file his or her complaint with the Nevada Attorney General's Office, who will then investigate and prosecute the alleged violation on behalf of the aggrieved party. NEV. REV. STAT. § 241.039(2)(a). Defendants are subject to both criminal and civil penalties, as the "wrongful exclusion of any person or persons from a meeting" constitutes a misdemeanor, which is

James C. Mahan
U.S. District Judge

- 5 -

additionally punishable by administrative fines of up to $2,500. NEV. REV. STATS. §§ 241.040(2)–(6).[2]

For a claim to be justiciable in federal court, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (applying the traditional standing test from *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Given these requirements for standing, it is confusing why plaintiffs included count III in their SAC. Not only do plaintiffs point vaguely to an NRS chapter that includes twenty-two different sections, but they also seek relief under a chapter that provides them no avenue for private redress. *See* NEV. REV. STATS. §§ 241.040; 241.039. Plaintiffs have no means to obtain damages through the instant statutory scheme, nor does the statute provide for private injunctive relief. *See* NEV. REV. STAT. § 241.040. Therefore, it appears that plaintiffs lack standing, rendering this claim nonjusticiable. *See Lujan*, 504 U.S. at 560–61.

Accordingly, the court rejects Judge Weksler's recommendation to grant plaintiffs leave to amend count III.

C.  Leave to amend is denied for count IV.

In count IV of plaintiffs' SAC, plaintiffs allege that defendants violated section 706 of the APA by denying plaintiffs the ability to exhaust their administrative remedies. (ECF No. 43 at 17–19). In the same count, plaintiffs broadly allege that defendants violated NRS chapter 233B ("NRS 233B"), Nevada's version of the federal APA. (*Id.* at 17). Yet, much like they did in count III, plaintiffs fail to identify the specific section of NRS 233B that is relevant to their claim. (*Id.*). Finally, plaintiffs, without explaining their allegation, claim that defendants are liable pursuant to 42 U.S.C. § 1983. (*Id.*).

Judge Weksler granted plaintiffs leave to amend this count, finding that plaintiffs' action was permissible because (1) plaintiffs were excused from exhausting the IDEA's administrative

---

[2] Private causes of action and additional civil damages are not mentioned in the statute. *See* NEV. REV. STATS. §§ 241.010–0.40.

James C. Mahan
U.S. District Judge

- 6 -

remedies, and (2) the court is required to set aside unlawful agency actions. (ECF No. 44 at 5). This court disagrees.

*1. Plaintiffs' APA claim is now moot and therefore lacks standing.*

When a party challenges agency actions or inactions, the APA mandates that the reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), and "hold unlawful and set aside agency action, findings, and conclusions found to be:"

> [A]rbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law; unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

5 U.S.C. § 706(2).

Here, it is unclear whether plaintiffs seek relief under § 706(1) or § 706(2). (*See* ECF No. 43 at 17–19). Yet, this distinction seems largely immaterial, as the underlying claim appears moot and therefore fails under either theory. *See United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018); *Cnty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979) ("A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.").

The crux of plaintiffs' APA claim is that defendants impeded plaintiffs' access to the administrative remedies required by the IDEA. (ECF No. 43 at 17–19). Plaintiffs claimed that due to the pandemic and the subsequent restrictions on in-person meetings, defendants prevented them from participating effectively in the "regulatory and deliberative process." (*Id.*).

But the avenues for relief provided by § 706 are no longer viable. While CCSD *was* utilizing a distance learning model and had suspended in-person meetings at the time the complaint was filed (ECF No. 43 at 7–8, 17–18),[3] the restrictions discussed in plaintiffs' SAC

---

[3] *Full-Time Distance Education Reopening Plan*, CLARK COUNTY SCHOOL DISTRICT (2020), https://ccsd.net/schools/back-to-school/distance.php.

James C. Mahan
U.S. District Judge

- 7 -

appear to be relics of a bygone era.[4]  With the world continuing to re-open following the initial surge of the COVID-19 pandemic, it is unclear what redress the court can presently provide. There does not appear to be any ongoing agency inaction to compel, nor are there any existing actions that the court can set aside as unlawful.  5 U.S.C. § 706(1)–(2).  The wrongs complained of are no longer "live," stripping the instant claim of its standing and rendering it nonjusticiable. *Davis*, 440 U.S. at 631 (citations omitted).[5]

### 2. Plaintiffs' claim under 42 U.S.C. § 1983 is deficient.

"Under [s]ection 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability."  *Hansen v. Black*, 885 F.2d 642, 645–46 (9th Cir. 1989). However, a plaintiff may hold a supervisor liable under § 1983 by showing either "(1) [the supervisor's] personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  *Id.* at 646.

"The IDEA is a comprehensive educational scheme that confers on students with disabilities a substantive right to [FAPE]."  *Kutasi*, 494 F.3d at 1166 (9th Cir. 2007) (citations omitted).  To ensure that each child has FAPE access, states participating in the IDEA's scheme "must establish procedures giving '[a]n opportunity for any party to present a complaint . . . with respect to . . . the provision of a free appropriate public education to [the child]."  *Id.*

However, "the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA."  *Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007).  Thus, claims premised on violations of the IDEA cannot proceed under 42 U.S.C. § 1983.  *See id.*

---

[4] Tiffany Lane, *It's Back to School for CCSD Students in a Month, What Will Plans Look Like for Your Kids?*, NEWS 3 LAS VEGAS (July 9, 2021), https://news3lv.com/news/local/its-back-to-school-for-ccsd-students-in-a-month-what-will-plans-look-like-for-your-kids.

[5] Moreover, the court is not concerned that defendants' alleged actions are "capable of repetition, yet evading review."  *See Spencer v. Kemna*, 523 U.S. 1, 17–18 (1998).  Given the rare nature of the COVID-19 pandemic, defendants' alleged conduct cannot be "reasonably expected to recur."  *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998) ("A case may become moot as the result of the defendant's conduct where [] subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur.").

James C. Mahan
U.S. District Judge

- 8 -

Here, it does not appear that plaintiffs' claim relates to an alleged denial of FAPE access. (*See* ECF No. 43 at 17–19).  Rather, plaintiffs appear to allege that they were unable to access the IDEA's regulatory and deliberative processes due to defendants' conduct. (ECF No. 43 at 18).

But even assuming that defendants blocked plaintiffs' access to the administrative process, the court *still* does not find this claim actionable under § 1983.  While plaintiffs may have been unable to challenge defendants' actions through the IDEA's administrative scheme, that clearly has not prevented them from litigating the claim in a court of law.  (*See* ECF Nos. 1; 2).  Due to the exceptions to the IDEA's exhaustion requirement, plaintiffs are still guaranteed due process under the law, even if defendants take actions to impede the IDEA's administrative remedies.  *See Student A*, 2021 WL 3642151 at **3.

Moreover, even if plaintiffs alternatively claimed that defendants' restriction of FAPE access constituted a constitutional deprivation under § 1983, their argument would be inherently flawed.  *Blanchard* clearly provides that the violation of IDEA-created rights (i.e., FAPE) are not actionable under § 1983.  509 F.3d at 938.  Thus, under either approach, it is difficult to see how plaintiffs suffered a constitutional deprivation.  With no constitutional deprivation present, plaintiffs claim fails the requirements set forth for § 1983 liability.  *Hansen*, 885 F.2d at 646.

Accordingly, the court rejects Judge Weksler's recommendation to grant plaintiffs leave to amend count IV.

### D. Leave to amend is denied for count VIII because plaintiffs' claim does not survive the *Berkovitz-Gaubert* test.

In count VIII of their SAC, plaintiffs allege that defendants' decision to switch to a distance learning model during a once-in-a-lifetime pandemic constituted a negligent act. (ECF No. 43 at 22).  Judge Weksler granted plaintiffs leave to amend after finding that defendants provided no argument demonstrating that they are immune from liability. (ECF No. 44 at 7–8). Defendants outline the basis for their immunity in their objection to Judge Weksler's recommendation. (ECF No. 49 at 14–15).

1   Section 41.032 of the Nevada Revised Statutes provides that a party cannot bring an action against an "officer or employee of the [s]tate or any of its agencies or political subdivisions which is:"

> Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused.

"[B]ecause Nevada's statutory language mirrors the Federal Tort Claims Act, [the court adopts] the two-part federal test, as articulated in *Berkovitz v. United States* and *United States v. Gaubert* for determining when the discretionary-function exception to the general waiver of governmental immunity applies." *Martinez v. Maruszczak*, 123 Nev. 433, 435 (2007). To qualify for discretionary-function immunity under this test, a decision must "(1) involve an element of individual judgment or choice and (2) be based on considerations of social, economic, or political policy." *Id.* at 446–47.

Defendants aver that their conduct, as pleaded, satisfies both prongs of the *Berkovitz-Gaubert* test. (ECF No. 49 at 14–15). The very core of plaintiffs' negligence claim is that defendants' *decision* to adopt a distance learning model was misguided and harmful. (ECF No. 43 at 22). Moreover, given the nature of the pandemic, the safety of their students, and the potential financial ramifications of their decision, defendants' choice to switch to a distance learning model was necessarily "based on considerations of social, economic, and political policy." *Martinez*, 123 Nev. at 446–47. As defendants correctly assert, "[p]laintiffs are literally complaining that the decision was 'wrong' in the face of a global pandemic that has resulted in school districts, courts, and government offices having to make difficult decisions regarding safety." (ECF No. 49 at 15). Thus, defendants have sufficiently established both prongs of the *Berkovitz-Gaubert* test, and therefore qualify for immunity. *Martinez*, 123 Nev. at 435, 446–47.

Accordingly, the court rejects Judge Weksler's recommendation to grant plaintiffs leave to amend count VIII.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 10 -

### E. Leave to amend is denied for count XI because plaintiffs' claim is duplicative of count IV.

In count XI of plaintiffs' SAC, plaintiffs allege that defendants are subject to supervisory liability pursuant to 42 U.S.C. § 1983 for failure to properly train and supervise their staff. (ECF No. 43 at 26–27). Judge Weksler granted plaintiffs leave to amend, finding that "[d]efendants do not advance any argument as to the futility of this count." (ECF No. 44 at 9).

The court has already addressed defendants' potential § 1983 liability under count IV. *See supra* Part III.C.2. Given that both count IV and count XI are based on plaintiffs' inability to access the regulatory and deliberative process (ECF No. 43 at 17–19, 26–27), and that both counts are largely premised on the same facts (*id.*), the court incorporates and applies its prior analysis to the instant claim. The mere fact that plaintiffs now allege that defendants' § 1983 liability stems from a "failure to train and supervise" does not suddenly create a constitutional deprivation.

Accordingly, the court rejects Judge Weksler's recommendation to grant plaintiffs leave to amend count XI.

### F. Defendants' motion to strike and motion to dismiss are denied as moot.

In light of the foregoing, defendants' motion to strike (ECF No. 23) and motion to dismiss (ECF No. 22) are denied as moot. Plaintiffs' motion to stay (ECF No. 35) is also denied as moot.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Judge Weksler's report and recommendation (ECF No. 44) be, and the same hereby are, ADOPTED in part and REJECTED in part. The court ADOPTS her recommendation to grant plaintiffs leave to amend as to count II; ADOPTS her recommendation that the motion to amend be DENIED as to counts I, V, VI, VII, IX, X, and XII; ADOPTS her recommendation to dismiss ECF Nos. 22, 23, and 35 as moot; and REJECTS her recommendation to grant plaintiffs leave to amend as to counts III, IV, VIII, and XI.

**James C. Mahan**
**U.S. District Judge**

- 11 -

1      IT IS FURTHER ORDERED that the defendants' motion to dismiss (ECF No. 22), defendants' motion to strike the amended complaint (ECF No. 23), and plaintiffs' motion to stay the court's rulings on the motion to dismiss and motion to strike (ECF No. 35) be DENIED as moot.

IT IS FURTHER ORDERED that plaintiffs are GRANTED leave to amend their complaint as to count II of the proposed second amended complaint (ECF No. 43). All other claims are dismissed with prejudice. ECF No. 43 shall serve as plaintiffs' new operative complaint.

DATED July 18, 2022.

_____
UNITED STATES DISTRICT JUDGE