**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| C. M., individually and as parent to D.M., *et al.*, | Case No. 2:20-cv-01562-JCM-BNW |
| Plaintiffs, | **ORDER re ECF No. 64** |
| v. | |
| Jesus Jara, *et al.*, | |
| Defendants. | |

Before the Court is Defendants' motion seeking a stay of discovery. ECF No. 64. The opposition is at ECF No. 70. There is also a stipulated Discovery Plan and Scheduling Order for the Court's review. ECF No. 69.

**II.     Motion to Stay Discovery**

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). A court may, however, stay discovery under Federal Rule of Civil Procedure 26(c). The standard for staying discovery under Rule 26(c) is good cause.

District courts in the District of Nevada typically apply a three-part test to determine when discovery may be stayed.[1] *See, e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). This Court will refer to this test as the "preliminary peek test." The preliminary peek test asks whether (1) the pending motion is potentially dispositive, (2) the potentially dispositive motion can be decided without additional discovery, and (3) after the court takes a "preliminary peek" at the merits of the potentially dispositive motion, it is "convinced" that the plaintiff cannot state a claim for relief. *Id.* at 581. If all three questions are answered affirmatively, the Court may

---

[1] While the Court has sometimes found the preliminary peek test problematic, the instant motion lends itself to a straightforward application of the test.

stay discovery. *Id.* The point of the preliminary peek test is to "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). Rule 1 provides that the Federal Rules of Civil Procedure should be construed "to secure the just, speedy, and inexpensive determination of every" case. Fed. R. Civ. P. 1.

Defendants argue that they meet *Tradebay's* three-part test. The crux of their argument is that the district court will sustain their objections to this Court's report and recommendation, which will in turn result in Plaintiffs' claims being dismissed. Importantly, Defendants explain that Plaintiffs have not responded to Defendants' objections to the report and recommendation, increasing the likelihood that their objections will be sustained.[2]

Plaintiffs neither address Defendants' *Tradebay* arguments nor do they cite to any other law the Court should rely on to deny Defendants' motion. In addition, the Court notes that while the first part of Plaintiffs' response is entitled "Plaintiffs' Objections/Opposition to Defendants' Objections," Plaintiffs do not substantively *respond* to Defendants' objections to this Court's report and recommendation.

Accordingly, the Court grants Defendants' motion to stay discovery as unopposed. *See* LR 7-1(d) (the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to the granting of the motion). As indicated above, Plaintiffs do not provide any legal authority (or counter the authority advanced by Defendants) to support their request that discovery proceed.

Next, the Court notes that Defendants would also prevail under *Tradebay*. Defendants' objections, if sustained, would result in the dismissal of Plaintiffs' claims. No additional discovery is needed. And, as alluded to above, even if the district judge were to consider Plaintiffs' untimely response to Defendants' objections to the Court's report and recommendation, it may very well rely on LR 7-2(d), as Plaintiffs did not address the objections

---

[2] Since Defendants filed their motion to stay discovery, Plaintiffs responded to Defendants' objections to this Court's report and recommendation.

Defendants raised. Thus, a preliminary peek convinces the Court that Defendants' objections will be sustained based on Plaintiffs' untimely and unresponsive response.

Defendants have shown good cause to stay discovery. A stay of discovery would advance the goals of Rule 1, as it makes little sense to proceed with discovery given the posture of this case (discussed above).

For these reasons, Defendants' motion is granted. Given the stay of discovery, the Court denies the Discovery Plan and Scheduling Order as moot.

Lastly, the Court reminds the parties of the rules of civility and emphasize its expectation that the parties work cordially with each other.

## II.     Conclusion

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Discovery (ECF No. 64) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Joint Discovery Plan and Scheduling Order (ECF No. 69) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that, to the extent Plaintiffs are allowed to proceed with any claims, the parties are to file a new Discovery Plan and Scheduling Order 14 days after the district judge enters an order on the objections to the report and recommendation (ECF No. 49).

**IT IS FURTHER ORDERED** that the hearing set for August 4, 2022 is **VACATED**.

DATED: August 3, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE