1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7   C.M., individually and as parent to D.M., et al.,

8                                          Plaintiff(s),

9          v.

10   JESUS JARA, et al.,

11                                        Defendant(s).

Case No. 2:20-CV-1562 JCM (BNW)

ORDER

12
13   Presently before the court are defendants Clark County School District ("CCSD"), Jesus

14   Jara, and Dustin Mancl (collectively "defendants")'s motions for clarification (ECF No. 93) and

15   judgment on the pleadings (ECF No. 94).  Plaintiffs C.M., B.C., L.C., D.C., C.S., and L.K., on

16   behalf of themselves and all others similarly situated (collectively "plaintiffs"), responded (ECF

17   No. 108), to which defendants replied (ECF Nos. 118; 119).

18   I.        Background

19        This suit involves accommodations for students in CCSD schools.  As relevant here,

20   Magistrate Judge Weksler issued a report and recommendation regarding plaintiffs' motion for

21   leave to amend the complaint.  (ECF No. 44).  This court adopted that recommendation in part

22   resulting in plaintiffs being permitted to file a second amended complaint (ECF No. 43) pursuing

23   a single claim under the Americans with Disabilities Act ("ADA").  (ECF No. 73)

24        Now, plaintiffs move for clarification regarding this court's previous order.  (ECF No.

25   93).  Specifically, they seek guidance on whether that order permitted the ADA claim to proceed

26   against all three defendants, or against CCSD alone.  Should the court clarify that it did not

27   intend to dismiss the claim as to Jara and Mancl, they also move for judgment on the pleadings.

28   (ECF No. 94).

James C. Mahan
U.S. District Judge

## II.     Legal Standard

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is proper if "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Gregg v. Hawaii, Dep't of Pub. Safety,* 870 F.3d 883, 887 (9th Cir. 2017) (citation and internal quotation marks omitted).  A Rule 12(c) motion is "functionally identical to a Rule 12(b)(6) motion." *Id.*  That is, the court "accept[s] all factual allegations in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009) (citation omitted).  However, to proceed, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citation and quotation omitted).

The court typically may not consider material beyond the pleadings to adjudicate a 12(c) motion.  See Fed. R. Civ. P. 12(d).  But the court can consider exhibits attached to the complaint or matters properly subject to judicial notice under Federal Rule of Evidence 201.  *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 1002 (9th Cir. 2018).  The court can also consider documents whose contents are merely alleged in a complaint and whose authenticity no party questions under the incorporation by reference doctrine.  *Northstar Fin. Advisors Inc. v. Schwab Invs.,* 779 F.3d 1036, 1043 (9th Cir. 2015); *United States v. Ritchie,* 342 F.3d 903, 907–08 (9th Cir. 2003) (holding that district courts can consider a document incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").

Courts have discretion to grant leave to amend in conjunction with 12(c) motions. *Carmen v. San Francisco Unified Sch. Dist.,* 982 F. Supp. 1396, 1401 (N.D. Cal. 1997), aff'd, 237 F.3d 1026 (9th Cir. 2001) (citation omitted).  Under Rule 15(a), the court should "freely" grant leave to amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962).  The court should grant leave to amend "even if no request to amend the

1  pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal
2  quotation marks omitted).

3  **III.    Discussion**

4      As an initial matter, the court GRANTS defendants' motion for clarification.  (ECF No.
5  93).  To clarify, the court's prior order neither dismissed the claims against Jara and Mancl, nor
6  did it specifically endorse them.  It was unclear to the court that this claim had been brought
7  against them at all.

8      The relevant count is ambiguous as to which defendants it is brought against.  At one
9  point, it alleges that the singular "*Defendant's* practices were intentionally discriminatory."
10 (ECF No. 43 at 14 ¶97) (emphasis added).  Just a few paragraphs later, it then refers to the fact
11 that the plural "*defendants* materially failed to implement" certain accommodations.  (*Id.* at 15
12 ¶99) (emphasis added).

13     The court did not contemplate this ambiguity (referring to a singular defendant and plural
14 defendants in the same claim) in its first order, and it will not impute meaning to its words that
15 did not exist.  Taking the order as it appears, the court defined "defendants" in the recitals as
16 including CCSD, Jara, and Mancl, and it used "defendants" throughout its analysis of the second
17 claim.

18     In the spirit of Rule 15's liberal policy of amendment, the court will not hold that it
19 unequivocally dismissed the claims in its prior order.  *See* Fed. R. Civ. Pro. 15.  However, it will
20 GRANT judgment on the pleadings as to these defendants having now been explicitly invited to
21 do so.  (ECF No. 94).

22     The parties do not meaningfully dispute that this claim cannot be brought against Jara and
23 Mancl in their individual capacities.  (ECF No. 108 at 3).  However, they dispute whether the
24 suit may proceed against them in their official capacities.  (*Id.* at 4).

25     Regardless, an official capacity suit against a municipal officer is equivalent to a suit
26 against the entity.  *Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff's Dep't*, 533
27 F.3d 780, 799 (9th Cir. 2008).  "When both a municipal officer and a local government entity are

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    named, and the officer is named only in an official capacity, the court may dismiss the officer as

2    a redundant defendant." *Id*.

3         That is exactly the case here.  Even if plaintiffs' claim was properly brought against Jara

4    and Mancl in the first place, it must fail because (1) it cannot be brought against them as

5    individuals, and (2) an official capacity claim against them is properly dismissed as duplicative

6    of the claims against CCSD.

7         Thus, defendants' motion for judgment on the pleadings is GRANTED.  The ADA claim

8    against Jara and Mancl fails as a matter of law and is dismissed, with prejudice, as no

9    amendment could rescue the claim.

10   **IV.    Conclusion**

11        Accordingly,

12        IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for

13   clarification (ECF No. 93) be, and the same hereby is, GRANTED.

14        IT IS FURTHER ORDERED that defendants' motion for judgment on the pleadings

15   (ECF No. 94) be, and the same hereby is, GRANTED.

16        IT IS FURTHER ORDERED that the remaining claim against Jesus Jara and Dustin

17   Mancl be, and the same hereby is, DISMISSED, with prejudice.

18        DATED April 14, 2023.

19

20        UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**                                    - 4 -