UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| C.M., individually and as parent to D.M., et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>JESUS JARA, et al.,<br><br>Defendant(s). | Case No. 2:20-CV-1562 JCM (BNW)<br><br>ORDER |

Presently before the court is defendant Clark County School District's ("CCSD") motion for judgment on the pleadings. (ECF No. 138). Plaintiffs C.M., B.C., L.C., D.C., C.S., and L.K., on behalf of themselves and all others similarly situated (collectively "plaintiffs"), filed a response (ECF No. 143), to which CCSD replied. (ECF No. 144).

Also before the court is CCSD's motion for summary judgment. (ECF No. 140). Plaintiffs filed a response (ECF No. 145), to which CCSD replied. (ECF No. 148).

**I.  Background**

This is a class action discrimination case under the Americans with Disabilities Act ("ADA"). The named plaintiffs are six parents and their respective minor students. (ECF No. 43). The surviving claim in plaintiffs' second amended complaint ("SAC") alleges that CCSD violated the ADA through its discriminatory practices by failing to accommodate students with disabilities, and "[excluded] plaintiffs from participating in and receiving the benefits of a public-school education." (*Id*. at 14).

**James C. Mahan**
**U.S. District Judge**

The following facts are undisputed. On March 12, 2020, the governor of Nevada declared a state of emergency at the start of the COVID-19 pandemic. (ECF No. 140, at 3). On March 21, 2020, the United States Department of Education released a report stating that "ensuring compliance with […] Title II of the [ADA] should not prevent any school from offering educational programs through distance instruction." (*Id*. at 4-5).

On June 9, 2020, the governor mandated that distance learning be made available to all students in Nevada. (*Id*. at 4). CCSD opted to reopen public schools only "in a digital format." (*Id*. at 7). All students in CCSD, regardless of any disability, were subject to the same distance learning program. (*Id*. at 9).

## II.  Motion for Summary Judgment

### A.  Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any), show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Information may be considered at the summary judgment stage if it would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

James C. Mahan
U.S. District Judge

- 2 -

When the non-moving party bears the burden of proof at trial, the moving party can meet its burden on summary judgment in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

However, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.  If the nonmoving party's evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

B. Discussion

As an initial matter, plaintiffs argue that the court should grant a continuance of the summary judgment motion. (ECF No. 145, at 16). Plaintiffs contend that they have been unable "to conduct the deposition of CCSD's person most knowledgeable on the issues of CCSD's decision making regarding its policy in response to COVID-19 mandates and/or recommendations." (*Id.*).

The court does not find it necessary for plaintiffs to conduct additional discovery and therefore denies their request. Plaintiffs have failed to show that the sought-after facts are essential to resist summary judgment. *See State of Cal., on Behalf of California Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

1. Plaintiffs' Title II Claim

Plaintiffs' remaining claim alleges that CCSD violated Title II of the ADA through its discriminatory practices. (ECF No. 43, at 14).

Title II of the ADA states that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

To prevail on a Title II claim, "the plaintiff must show that, (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) this exclusion, denial, or discrimination was by reason of his disability." *Cohen v. City of Culver City*, 754 F.3d 690, 695 (9th Cir. 2014) (quoting *Weinreich v. L.A. Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997)).

James C. Mahan
U.S. District Judge

- 4 -

"To show that the discrimination was 'by reason of' the plaintiff's disability, the plaintiff must show that the action would not have been taken 'but for' the disability." *Sabatini v. Nevada State Bd. of Nursing*, 2023 WL 4963770, at *3 (D. Nev. Aug. 2, 2023) (quoting *Uhuru v. Bonnifield*, 2021 WL 3870479, at *9 (C.D. Cal. June 21, 2021)).

"A disability discrimination claim may be based on 'one of three theories of liability: disparate treatment, disparate impact, or failure to make a reasonable accommodation.'" *Payan v. L.A. Cmty. College Dist.*, 11 F.4th 729, 738 (9th Cir. 2021) (quoting *Davis v. Shah*, 821 F.3d 231, 260 (2d Cir. 2016)).

CCSD has met its burden of proving that plaintiffs have failed to make a showing sufficient to establish the third element of a Title II claim. *See Celotex Corp.*, 477 U.S. at 323–24; *see Chandler*, 83 F.3d at 1155. Moreover, plaintiffs have failed to establish that a genuine issue of material fact exists.

### a. Title II's "by reason of" requirement

To establish the third element of a Title II claim, plaintiffs argue that their interrogatory responses to CCSD stated that requests were made for accommodations or guidance, but CCSD refused to provide answers. (ECF No. 145, at 12). Plaintiffs also provide a 361-page declaration that was offered in support of their motion for temporary restraining order and preliminary injunction. (*Id.*).

CCSD points out that plaintiffs submitted 425 pages of exhibits in response to CCSD's motion. (ECF No. 145). Plaintiffs attempt to use these exhibits to show that there exists; a genuine issue of material fact yet they did not bother to provide the court with any specific pages where it could find their contentions.

**James C. Mahan**
**U.S. District Judge**

- 5 -

Ten years later, this court reminds parties before it that "judges are not like pigs, hunting for truffles in briefs. Nor are they archaeologists searching for treasure. Put simply, the Court is not obligated to paw over files . . . in order to make a party's claim." *Krause v. Nevada Mut. Ins. Co.*, 2014 WL 99178, at *2 (D. Nev. Jan. 3, 2014) (quoting *Romero v. Nevada Dept. of Corrections,* 2013 WL 6206705 at *11 n.15 (D. Nev. Nov. 27, 2014)).

Thus, the court will not paw over 425 pages to make plaintiffs' Title II claim. Even without hunting for answers in the 425 pages submitted, the court cannot determine how plaintiffs' 361-page declaration and interrogatory responses show that CCSD's alleged exclusion, denial, or discrimination was by reason of plaintiffs' disabilities.

The court is unable to draw a single inference in light most favorable to plaintiffs that would allow a jury to conclude that CCSD's exclusion, denial, or discrimination was by reason plaintiffs' disabilities. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630–31.

*b. Disparate treatment, reasonable accommodation, and disparate impact*

The court now addresses each theory of liability under *Payan* to determine whether any theory supports plaintiffs' claim.

Under a disparate treatment theory, plaintiffs must show that other non-disabled students, without plaintiffs' disabilities, were treated more favorably. *Atayde v. Napa State Hosp.*, 255 F. Supp. 3d 978, 1001 (E.D. Cal. 2017) (citing *McGary v. City of Portland*, 386 F.3d 1259, 1264 (9th Cir. 2004)).

To succeed on a failure-to-accommodate claim, plaintiffs must show that CCSD failed to make reasonable modifications that would have accommodated their disabilities, without fundamentally altering the nature of the program or activity, and the accommodation would have

James C. Mahan
U.S. District Judge

enabled the plaintiff to meet the program's essential eligibility requirements. *See A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1206 (9th Cir. 2016).

Plaintiffs' only argument to establish a disparate treatment and reasonable accommodation theory of liability relies on the 425 pages of exhibits already addressed by the court. Plaintiffs have not provided the court with any specific pages supporting their argument. However, the court is not obligated to sift through 425 pages to make plaintiffs' claim.

Still, it is unclear how plaintiffs' purported evidence establishes a theory of disparate treatment. It is undisputed that all students participated in distance learning. (ECF No. 140, at 9). A reasonable jury could not conclude that other non-disabled students were treated more favorably than plaintiffs. *See Atayde*, 255 F. Supp. 3d at 1001.

Next, plaintiffs have failed to establish a failure-to-accommodate theory of liability. Plaintiffs, in conclusory fashion, contend that they communicated or attempted to communicate with CCSD staff to request reasonable accommodations. (ECF No. 145, at 13). Plaintiffs have not set forth evidence that would allow a reasonable jury to conclude that an alleged reasonable modification would have accommodated their alleged disabilities.

Further, considering the COVID-19 pandemic, a reasonable jury would be unable to conclude that the accommodations would not have fundamentally altered the nature of schooling in CCSD. *See A.G.*, 815 F.3d at 1206.

"To assert a disparate impact claim, a plaintiff must allege that a facially neutral government policy or practice has the 'effect of denying meaningful access to public services' to people with disabilities." *Payan*, 11 F. 4th at 738.

Plaintiffs' opposition to the motion offers one conclusory statement to negate CCSD's argument. Plaintiffs state that their "SAC sufficiently alleges a theory of disparate impact [and]

James C. Mahan
U.S. District Judge

- 7 -

[i]t is undisputed that all CCSD students were subject to the same distance learning program. (ECF No. 145, at 14).

CCSD is correct in stating that the SAC itself does not allege a theory of disparate impact (ECF No. 148, at 6); however, even if it did, plaintiffs' argument that all students were subject to distance learning does not support a disparate impact theory of liability.

In fact, their argument supports quite the opposite. All students were subject to the same learning program; plaintiffs, like other students had access to schooling in CCSD. Thus, plaintiffs' conclusory allegation does not allow a reasonable jury to conclude that a theory of disparate impact supports their Title II claim.

        *c. Intentional discrimination*

Finally, to recover monetary damages under a Title II claim, plaintiffs must show that CCSD acted with intentional discrimination. *See Cohen*, 754 F.3d at 695, n.6. Plaintiffs must prove that CCSD "acted with deliberate indifference, meaning that it knew that harm to a federally protected right was substantially likely and failed to act upon that knowledge." *Id*.

Plaintiffs only argument to establish a genuine issue of material fact points to the 425 pages of exhibits. Once more, it is unclear how such evidence would allow a jury to establish that CCSD acted with intentional discrimination.

Plaintiffs have failed to show any causal link between CCSD's alleged exclusion, denial, or discrimination and plaintiffs' disabilities, and they cannot establish any theory of liability under *Payan*.

A reasonable jury could not conclude that CCSD's alleged discriminatory actions were by reason of plaintiffs' disabilities. Thus, no genuine issue of material fact exists as to plaintiffs sole remaining claim.

James C. Mahan
U.S. District Judge

- 8 -

### III. Motion for Judgment on the Pleadings

In granting CCSD's motion for summary judgment (ECF No. 140), the court denies CCSD's motion for judgment on the pleadings (ECF No. 138) as moot.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that CCSD's motion for summary judgment (ECF No. 140) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that CCSD's motion for judgment on the pleadings (ECF No. 138) be, and the same hereby, is DENIED as moot.

As no claims remain, the clerk of the court is INSTRUCTED to enter judgment in favor of defendant and close this case.

DATED September 6, 2024.

_____
UNITED STATES DISTRICT JUDGE